# United States District Court
## Eastern District of California

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| **BRYAN KEITH WASHINGTON** | (For Offenses committed on or after November 1, 1987) |
| | Criminal Number: **1:05CR00223-002** |
| (Defendant's Name) | Eric Kersten |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of charges Two, Four, Five, and Six  as alleged in the violation petition filed on 5/31/2012 .

[ ]  was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| See next page. | | |

The court: [✔] revokes: [ ] modifies: [ ] continues under same conditions of supervision heretofore ordered on  8/21/2006  .

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]   Charges One and Three are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| 11/05/2012 |
|---|
| Date of Imposition of Sentence |

| /s/ ANTHONY W. ISHII |
|---|
| Signature of Judicial Officer |

| **ANTHONY W. ISHII**, United States District Judge |
|---|
| Name & Title of Judicial Officer |

| 11/7/2012 |
|---|
| Date |

AO 245D-CAED (Rev. 09/2011) Judgment in a Criminal Case for Revocation Sheet 1   Case 1:05-cr-00223-LJO   Document 52   Filed 11/07/12   Page 2 of 6

CASE NUMBER: 1:05CR00223-002  Judgment - Page 2 of 6
DEFENDANT: BRYAN KEITH WASHINGTON

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Charge Two | Failure to Notify of Change in Residence | 5/7/2012 |
| Charge Four | Failure to Notify of Arrest | 4/20/2012 |
| Charge Five | Failure to Report to the Probation Officer as Directed | 4/26/2012 |
| Charge Six | Failure to Submit Monthly Supervision Reports | 4/2012 |

CASE NUMBER: 1:05CR00223-002  Judgment - Page 3 of 6
DEFENDANT: BRYAN KEITH WASHINGTON

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 17 months .

[ ]     No TSR: Defendant shall cooperate in the collection of DNA.

[✔]     The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in a California facility, but only insofar as this accords with security classification and space availability.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.
If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:       1:05CR00223-002                                                                Judgment - Page 4 of 6
DEFENDANT:         BRYAN KEITH WASHINGTON

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 43 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

4. The defendant shall not possess or have access to any paging device or cellular phone without the advance permission of the probation officer. The defendant shall provide all billing records for such devices, whether used for business or personal, to the probation officer upon request.

5. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

6. As directed by the probation officer, the defendant shall reside and participate in a residential community corrections center, Turning Point RRC for a period of 180 days; said placement shall commence on pursuant to 18 USC 3563(b) (11). The defendant shall pay the cost of confinement as determined by the Bureau of Prisons.

7. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

8. The defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

9. The defendant's residence shall be pre-approved by the probation officer.

10. The defendant shall submit to the collection of DNA as directed by the probation officer.

11. As directed by the probation officer, the defendant shall complete up to 20 hours of unpaid community service per week until employed for at least 30 hours per week or participating in a previously approved educational or vocational program.

12. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer.

13. The defendant shall not associate with any known gang member of the Playboys street gang or any other known member of a criminal street gang, as directed by the probation officer.